The issue in this case is a little one, seemingly simple but complicated. The issue is whether or not the departure under 5K1.1 should be applied before you add the 84 months for the 924C count or afterwards. We also have a problem of whether or not this is then plain error if I'm correct under United States v. Old and whether or not the case should be remanded if it is plain error. In this case, I would point out that the probation report itself says that the guideline sentence is 108 to 135 months plus 84 months consecutive pursuant to 924C. That's on the first page of the probation report. In this case, United States v. Old held a somewhat different situation, but analogous, that the point of departure is the sentence that would have been imposed had there been no departure at all. In that case, it was the mandatory minimum 20-year sentence because the defendant in Old had a prior drug conviction. But wasn't Old also characterized by the fact that the government made a 3553 motion, which they did not do here? I don't – that distinction does exist, except I don't think that that makes any difference in this case because we are conceding that she has to serve at least 84 months of the 924C count because that motion was not made. The issue is … Well, where do the guidelines allow on a 51 – Rule 51 motion allow the mandatory minimum to be sidestepped by a downward departure? We're not asking that the mandatory minimum – because the mandatory minimum – well, we have the mandatory minimum of the drug offenses, and then we have the 924C, but the issue is do you put the whole sentence together and then apply the departure, or do you only go to the drug offense, apply the departure, and then add the 924C? And it seems that under the case of United States v. Old, you have to look at the point of departure as the total sentence that would have been imposed had you had no departure. And I don't – you know, it seems to be fairly clear. I don't think it makes any difference whether … I don't think it's clear, but I've looked at it, and it's fuzzy to me. Whether or not it's a 924C count or a prior conviction count. Well, aren't you – you're just – you just want to do 84 months, right? Yes, and then she'd be out. But then how would it be consecutive to anything? And we do have the language of 924C that said it shall be consecutive. So how do you go consecutive to zero? Well, if somebody had gotten probation and then had a 924C count, it would be consecutive to zero. I mean, it seems to me that you have to calculate it. It's still consecutive, and she has to serve it, you know, regardless of what … But they can't get there because they didn't file the motion to get under the mandatory minimum, right? Under the mandatory minimum of the 924C, right. But they did file the departure motion for departing downward eight levels. That was something they didn't file that you wanted them to, though, right? I'm sorry, can you say that again? There was a motion that they didn't file that was – they were considering at the time of the plea agreement, right? That was not filed. I believe that's correct, but they did not file the motion to reduce the 924C count. I was not trial counsel, but I understand that that motion was not filed. But nevertheless, under United States v. Old, it seems that when it plainly says that the point of departure is the sentence that would have been imposed had there been no departure. And the 924C count is part of the same sentence. That's the problem here. It's not a separate sentence. It's consecutive to whatever. And so if you look at the whole sentence together, the guidelines contemplate that even though it is seven years or 84 months, it is part of the same guideline sentence. And therefore, the 5K1.1 should be applied after you've completed and calculated the entire sentence. But we have no case on that, right? No. I think this will be the first one, yes. But in any event, I do think that United States v. Old, which came down before the sentence was imposed in this case, mandates the conclusion that the sentence was miscalculated. Counsel, isn't your problem in this case that your client pleads to a robbery plus the 924C count? And she's got to get a sentence on the robbery charge as well as the 924C. Does she not? Well, that's correct. But the sentence is one sentence. It's always, regardless of how many counts there are and how you calculate it. If the government had made the 3553 motion, you would have just one sentence. They made a 5K1 motion on one sentence and not the 3553 on the other. I understand what you're saying, Your Honor. I think where we're quibbling is what do we mean by sentence? Sentence is the total counts taken together under the guidelines, the mandatory minimum. A person only has one sentence. That's the issue. If I look at your brief correctly, if I read it correctly, your previous counsel calculated a guideline range of 78 to 87 a month or something like that when they took an 8-level downward departure from adding everything together, correct? Originally. That would theoretically get you a sentence less than the mandatory 7 years. Originally that is how he calculated it. And then he realized when he read United States v. Sol that he had calculated it incorrectly. And that's why he filed that motion, albeit it should have been decided earlier. The judge did not have the jurisdiction to correct that sentence. But United States v. Sol did come down well before the sentence was imposed in this case. And if we go back right to the probation report, it says guideline sentence 108 to 135 months plus 84 months. And that is the issue here. So this Court obviously is going to have to decide is the 924C count a completely different entity or is it part of the total sentence? And that's the issue here. I just have one last thing about plain error. Obviously if it's error, is it plain? Yes, because it would result in a lower sentence. The other issue is I know that the Court said she would not have changed her mind had she, you know, if United States v. Sol had applied. But I think given the complicated guidelines, the fact that Zavala is on bonk, I think it should be remanded for reconsideration of the sentence. I'll save the rest of my time for rebuttal. All right. Thank you. Good morning. May it please the Court, Douglas Miller on behalf of the United States. I believe the appropriate starting point for this argument is where defense, Appellate Defense Counsel left off and that is what the District Court's comments were when this issue was raised before the District Court. And what the District Court made clear was that even if Auld was applicable to this case, the Court's sentence would have been the same. Well that may be, but do you disagree with her analysis? Regarding Auld and its application to this case? Yes. I do disagree. Why don't you address that, because then we can figure out whether the error was some version of harmless or not. It would be nice to get it straightened out to figure out whether it's part of one sentence or if you look at the guidelines, make your reduction, and then you apply the mandatory minimum. The government's position is that you would first look to the sentencing guidelines, and from that you would apply the downward departure that the government recommended. And only after that has been applied, then you would impose the 84-month consecutive sentence. The basis for that is this Court's ruling in the United States versus Rodriguez-Martinez. And there we were in a situation similar to this one, although there was no consecutive sentence, it was a mandatory minimum. And it was actually the government in that case that attempted to argue that what we could do, what should be done, or what the District Court did, was simply have the sentencing guideline calculation determined and then impose, or merge, was the terminology used in that case, the mandatory minimum sentence into a guideline sentence. And then simply based on the defendant's criminal history, accommodate where that sentence would fit into on the sentencing guideline range. This Court felt that that type of analysis of merging the sentencing guideline range with a mandatory minimum sentence was ad hoc, and it felt that it should not be done because what it attempts to do is substitute a statutory sentence that's imposed without any reference to any of the different factors that are considered in the guidelines, substitute that statutory sentence with a guideline sentence. And although this issue of whether or not a consecutive sentence should be imposed or applied in the same way is not really at issue in Rodriguez-Martinez, that method of merging was addressed and the Court expressly rejected that. It was something that the Fifth Circuit had done in a case, I believe the Carpenter case, and the Ninth Circuit said no, we do not believe that that is an appropriate way to determine what the offense level is because it's simply ad hoc and it attempts to substitute a guideline rationale for a statutory sentence. So the government's position is that what the defense is advocating, this merging of a minimum sentence to a guideline sentence is not appropriate. What the district court did was appropriate, that is make the analysis of the guideline range and the downward departure, which are all factors on the sentencing guideline range, independent of the statutory sentence, which by its nature has to be imposed after that calculation is determined and it has to run consecutive. Now what's the significance of any of the government not having moved under 3553 for a departure? The significance of that is that it makes the Court's holding in all inapplicable to this case. That case was largely really an analysis of 3553E and those types of motions that the government didn't make. And what the Court said there was that that last sentence in that statute, the motion that the government has not made in this case, does not permit the Court open discretion to simply downward depart as much as it wants, that that discretion should be guided by the guidelines. And the language that the defense has held onto in this case that while 3553E does not explicitly state where the departure should begin, it is clear by implication that the Court should depart from the sentence that would have been imposed had the motion not been made. That was speaking to the issue of, as this language clearly suggests, when that motion had been made by the government. It was not made in this case. Secondly, it was a mandatory minimum case, which is not really applicable here because in a mandatory minimum case, the sentence that is imposed on the guidelines can run concurrent to the sentence, the mandatory minimum sentence. That's not at issue here. Here, as Your Honor pointed out, what first must happen is that there has to be a sentence imposed by the guidelines, and then after that sentence is imposed, the 924C count would have to run consecutive to that. So the distinction between all in this case is, and by virtue of the fact that no 3553E motion was made, is that the sentence that is imposed by the statute must run consecutive to the guideline sentence. And then you were saying, I think at the beginning, then you were saying that even if the Court had imposed the 7-year sentence prior to making the downward departure, it wouldn't have made a difference because of what the judge said here? Did I hear you say that? That's correct, Your Honor. What I began to say was that the District Court made clear that its sentence of 120 months was not a strict adherence to a sentencing calculation method or a downward departure method. It was a sentence that that Court felt was appropriate in this case. So really what the defense is arguing is the extent of the departure, that is, has the decision to impose a sentence of 120 months, because the defense did not object to the sentencing guideline calculation or the need to impose a 7-year consecutive sentence. They're simply saying that this 120-month sentence was not sufficient. If the Court were to analyze that, it would find that, well, the District Court's discretion to impose a sentence or the extent of a departure is not reviewable on appeal. Secondly, the Court also made clear that its decision was reasonable under Booker because it had considered all the 3553A factors, and that decision of a 120-month sentence was not a strict adherence to some formulation that the government or the defense was putting forth, but simply what it felt was an appropriate sentence given the defendant's cooperation. In this case, as far as you're concerned, what the judge did was he took the prosecution's recommendation for an 8-level downward departure, he or she, I forget which, but 8-level downward departure, took it off of the robbery charge, gave a specific sentence for the robbery, then added the 7 years for the gun. Had the judge been inclined to do so, the judge could depart it down to zero on the robbery charge and then impose a 7-year sentence. That's correct. I don't know, I agree that the consecutive sentence would have to be consecutive to some other sentence, so to depart downward to zero, the government would argue that there would have to be some sentence imposed on the other count. Okay, down to a day. Down to a day. At that situation, yes. Then I believe what the Court was doing, and to get away, what the government's recommendation was an 8-level downward departure, but if you look at the Court's sentence, a 120-month sentence actually is equivalent to an 11-point downward departure that the Court imposed. So the Court didn't simply apply what the government had recommended in this case and use its own formulation. It appears that what the Court did was exercise its discretion after analyzing the defendant's cooperation and imposed a sentence of 120 months. Yes, the government put forth a method that's been challenged in this proceeding about how that should be calculated, but the Court made clear that regardless of whether the defense was right or whether the government was right, I think a sentence of 120 months is appropriate, and therefore I'm imposing that sentence, and I've imposed it after considering all the 3553A factors. I believe that gets at the error issue here, which is no substantial right of the defendant has been affected by the sentence. The Court's considered their cooperation, and they've So if there's no further questions, I'm advised. Thank you. I would just like to respond to the one point about this government arguing that this was an artificial attempt to merge a mandatory minimum with a guideline sentence. Under Guidelines Section 2K2.4 subsection B, it states that regardless of whether someone is convicted of another crime, if someone is violated 924C, it says the guideline sentence is the minimum term of imprisonment required by the statute. So the guidelines do contemplate that the 924C, 84 months for a seven-year sentence, is part of the guidelines, and I did want to also, the last thing I wanted to say was, in terms of a remand, I think that, you know, when the court said, the court below said I would have imposed the same sentence, it's kind of the flip side of, you know, if the guidelines are no longer mandatory, you know, would the court have not followed the guidelines? Here, we're talking about the correct application of the guidelines and the construction of that. Then what would the court do? So that's kind of the flip side of it, and I think that if this court does find plain error, that it should be remanded for a resentencing. Thank you. All right. Counsel, thank you. Appreciate the argument. Page will be submitted.
judges: Fisher, Callahan, Collins.